FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.NY

★ DEC 13 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
EDUARDO OSORIO VIERA          :
                        Petitioner,          :

          -against-          :

UNITED STATES OF AMERICA,     :

                        Respondent.          :
-----------------------------------------------------------x

**MEMORANDUM & ORDER**

10-CV-3784 (ENV)

**VITALIANO, D.J.**

    Eduardo Osorio Viera is before the Court on his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, challenging his sentence for possession of cocaine with intent to distribute. Judgment was entered on Viera's plea of guilty. Upon the findings stated below, the writ is denied.

## I.    BACKGROUND

    On October 13, 2008, Viera arrived in New York at John F. Kennedy International Airport aboard a flight from San Juan, Puerto Rico. Drug Enforcement Administration ("DEA") agents asked Viera about his travel plans, and noticed that he appeared unusually nervous. Viera consented to a search of his carry-on luggage, and Agents discovered three rectangular objects wrapped in duct tape. When asked what these objects in his luggage were, Viera responded, "you know." The rectangular objects field tested positive for cocaine.

    After his arrest, Viera agreed to be interviewed by DEA agents. He told the agents (1) the luggage containing the cocaine was his and had been packed by him; (2) the purpose of his trip was to visit his father in Connecticut, though he did not know Viera would be visiting;



1

(3) he had agreed to transport the cocaine after being approached by an unknown male asking him to do so in exchange for an initial payment of $2500 and a second, smaller payment to be made after delivery of the cocaine; and (4) that he did not know to whom he was supposed to deliver the cocaine, but the person was to contact him by phone upon Viera's arrival in Connecticut. DEA laboratory results later revealed the net weight of the cocaine found in Viera's luggage was 3.004 kilograms with a purity of 81.5%.

On January 9, 2009, Viera was charged by a grand jury indictment with one count of possession of 500 grams or more of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii)(II), which carried a mandatory minimum of five years imprisonment. The government offered Viera a disposition in which he would agree to plead guilty to a lesser-included offense that carried no mandatory minimum term of imprisonment, 21 U.S.C. §§ 841(a)(1) and 84(b)(1)(C). Viera took the offer and, pursuant to the plea agreement, pled guilty before the Court on March 20, 2009 to a violation of §§ 841(a)(1) and 841(b)(1)(C). Viera agreed, as part of the plea deal, that he would not "file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 51 months or below." (Plea Agreement, at 3.)

After Viera's guilty plea, the Probation Department ("Probation"), in the ordinary fashion, prepared and issued a presentence report ("PSR"). See, e.g., United States v. Thomas, 628 F.3d 64, 67 (2d Cir. 2010). Based on the net weight of the cocaine found in Viera's luggage, the PSR assigned a base offense level of 28. Probation then applied two downward adjustments. The first was a 4 point reduction because Viera's role was limited to that of a courier. The

second was a 3 point reduction because Viera promptly accepted responsibility for his criminal actions. The PSR offense level calculation did not include any other downward adjustments, noting specifically that Viera was not eligible for a reduction pursuant to U.S.S.G. § 2D1.1(b)(11) (a "safety valve" reduction) because the "Government has advised that [Viera] has not satisfied all five factors of [U.S.S.G. § 5C1.2] in that he has not truthfully provided all information he has concerning the offense." (PSR, at 4.) Thus, the PSR assigned Viera an adjusted total offense level of 21. Next, the PSR assigned Viera a criminal history category of I because he had no prior criminal involvement. Finally, the PSR explained that the advisory Guidelines imprisonment range for a defendant with an offense level of 21 and criminal history category of I was 37 to 46 months.

Viera did not object to the PSR's calculation of his Guidelines range, or Probation's determination that he was not eligible for the "safety valve." On October 16, 2009, the Court sentenced Viera, consistently with the PSR, to 37 months of imprisonment and three years of supervised release. Judgment, United States v. Viera, No. 09-CR-14, (E.D.N.Y). Viera did not appeal from the judgment. In August 2010, however, he filed this § 2255 petition to collaterally attack it instead.

## II. DISCUSSION

Viera, who appears pro se, presents two main arguments in his petition, which the Court, reading the petition liberally as it must, interprets as follows.[1] First, petitioner argues that because he was "held responsible for 3 Kilograms of Cocaine which is classified pursuant [to]

---

[1] District courts must construe pleadings submitted by pro se litigants liberally by reading such pleadings to raise the strongest arguments they suggest. Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007).

3

21 U.S.C. 84(b)(1)(B)(ii), [n]ot 21 U.S.C. (b)(1)(C)," his Guidelines range was incorrectly calculated. Viera argues that using the lesser included charge to which he pled rather than the original charge in the indictment for Guidelines calculations would have resulted in a lesser offense level with a reduced sentencing range, which at the lower end, was 30 months instead of 37 months. (Pet., at 5.) Second, petitioner argues that he complied with the requirements for, and should have thus been provided the benefits of, a two-point "safety valve" reduction. (Pet., at 6.)

In any event, dispositively, both of these claims were waived in Viera's plea agreement. They are also barred by his failure to appeal, and regardless all else, lack merit.

A. **Standard of Review**

A person who has been convicted and is currently a federal prisoner may petition the sentencing court to correct, vacate, or set aside the sentence under 28 U.S.C. § 2255. The grounds for relief are very limited. The § 2255 court may only grant relief if it concludes, "(1) 'that the sentence was imposed in violation of the Constitution or laws of the United States;' (2) 'that the court was without jurisdiction to impose such sentence;' (3) 'that the sentence was in excess of the 'maximum authorized by law;' or (4) that the sentence 'is otherwise subject to collateral attack.'" Hill v. United States, 368 U.S. 424, 426-27, 82 S. Ct. 468, 470 (1962).[2]

---

[2] Procedurally, because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" and no plausible ineffective assistance claim can be gleaned from either the record or petition, the Court declines to hold a hearing. 28 U.S.C. § 2255(b); Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009). Moreover, the Court sees no indication that the interests of justice indicate counsel should be appointed to represent petitioner. 18 U.S.C. § 3006A(a)(2)(B) (to appoint counsel for a § 2255 petition, a court must first determine that "the interests of justice so require"); United States v. Wilkins, 281 F.2d 707, 715 (2d Cir. 1960) ("it is settled that there is no constitutional right to representation by counsel in habeas corpus proceedings in the federal courts").

4

## B. Viera Waived the Right to Bring this Petition in his Plea Agreement

Viera agreed not to file a § 2255 petition if the Court were to impose "a term of imprisonment of 51 months or below." (Plea Agreement, at 3.) Such agreements are generally enforceable if the defendant enters them knowingly and voluntarily. Garcia-Santos v. United States, 273 F.3d 506, 508 (2d Cir. 2001) (holding that a defendant who knowingly and voluntarily waived his right to collaterally attack his sentence in a plea agreement was barred from challenging that sentence with a § 2255 petition). The Court sentenced Viera to less than 51 months in prison. Petitioner does not argue, much less allege facts to show, that his plea with waiver was not knowing and voluntary. Bluntly, Viera cannot escape the reality that he has waived his right to bring this petition at all.[3]

Undeterred, with citation to his sentencing hearing, Viera contends he can bring his petition nonetheless because "[t]he court did not enforced (sic) the waiver." (Obj., at 2.) In other words, though his message is garbled, petitioner is apparently attacking the enforceability of his waiver because there was some defect in his sentencing hearing. But, that contention has no basis in fact or law. Indeed, it is contradicted by the very portion of the sentencing transcript to which Viera cites for support:

> I will now advise you, Mr. Osorio Viera, of your right to appeal. You are advised that you have the right to appeal your conviction and sentence. You can appeal your conviction if you believe your guilty plea was unlawful or involuntary, or there was some other fundamental defect in the proceeding that was not waived by your guilty plea.

---

[3] Nothing in the record suggests the limited exceptions to the general rule of enforceability of an appellate waiver are even arguably relevant here. United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000) (A waiver may be unenforceable "when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence, thus amounting to an abdication of judicial responsibility subject to mandamus.") (quotation marks and citations omitted).

5

> You also have a statutory right to appeal your sentence under certain circumstances, particularly if you think the sentence is contrary to the law. However, Defendant may waive those rights as part of the plea agreement. You have entered into a plea agreement which waives some or all of your rights to appeal the sentence itself.
>
> Such waivers are generally enforceable, but if you believe that the waiver is unenforceable you can present that to an appellate court.

(Transcript of Sentencing, Oct. 16, 2009, at 14.) Moreover, the Court informed Viera during his plea allocution of the following:

> Mr. Viera, if you decided to go to trial and a jury found you guilty, you could appeal both the verdict and the sentence; but by pleading guilty and by entering into the plea agreement you apparently wish to enter into, you will have waived or given up your right to an appeal or collaterally attack all or part of the sentence I will impose;

and, more specifically:

> Under the terms of your plea agreement ... you also understand that in the event that the Court were to impose a term of imprisonment of 51 months or below, that in your plea agreement you give up your right to file an appeal or to challenge your conviction o[r] sentence by any form of post judgment petition or writ.

(Transcript of Plea, March 20, 2009, at 13, 18.)

Viewing the entire record as a whole, Viera's assertion that the Court did not "enforce" the plea waiver is baseless. Just the opposite is true. Viera has validly waived his right to bring this petition, and nothing in the record suggests that waiver should not be enforced.

### C.  Viera's Petition is Barred by his Failure to Appeal

Viera's claims are also barred because he did not file a direct appeal. "In general, a defendant is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal."[4] United States v. Thorn, 2011 WL 4978209, at *3 (2d Cir. Oct.

---

[4] Ordinarily, claims of ineffectiveness of trial counsel are not ripe for review on direct appeal and are properly advanced in § 2255 proceedings. Zhang v. United States, 506 F.3d 162, 166 (2d Cir. 2007) (citing Massaro v. United States, 538 U.S. 500, 505-06, 123 S.Ct. 1690 (2003)). Had

6

20, 2011) (citing Yick Man Mui v. United States, 614 F.3d 50, 53–54 (2d Cir. 2010); Zhang v. United States, 506 F.3d 162, 166 (2d Cir. 2007)). "An exception applies, however, if the defendant establishes (1) cause for the procedural default and ensuing prejudice or (2) actual innocence." Id. (citing Bousley v. United States, 523 U.S. 614, 622, 118 S.Ct. 1604 (1998)). The "'cause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot be fairly attributed to him." Coleman v. Thompson, 501 U.S. 722, 752, 111 S.Ct. 2546 (1991) (emphasis in original). Alternatively, to succeed on a claim of "actual innocence," a petitioner must prove that, in light of all admissible evidence, "it is more likely than not that no reasonable juror would have convicted him." Fountain v. United States, 357 F.3d 250, 255 (2d Cir. 2004) (internal citations omitted).

Vierra does not provide any facts showing a cause for his failure to present available claims on direct appeal nor does he (or can he) argue he is actually innocent.[5]

### D. Viera's Claim Lacks Merit

Finally, assuming *arguendo* that petitioner's claims were not waived by his plea agreement and barred by his failure to appeal, they are without basis in fact or law.

#### i. The Court Properly Determined the Type and Weight of the Drugs for Guidelines Purposes

Viera argues that his Guidelines range was miscalculated regarding whether it was based on § 84(b)(1)(B)(ii) or § 84(b)(1)(C). (Pet., at 5.) But, Viera's Guidelines range would have

---

Viera alleged facts here that could support a plausible ineffective assistance of counsel claim, such a claim could be advanced even though not raised on direct appeal. Of course, that argument would be barred by the appellate waiver in Viera's plea agreement. United States v. Monzon, 359 F.3d 110, 119 (2d Cir. 2004)

[5] Substantially, the claims are baseless even if procedurally viable. See part D(i) and n. 6, infra with accompanying text.

7

been keyed to the same weight of the same drugs regardless of whether he was convicted under § 84(b)(1)(B)(ii) or § 84(b)(1)(C). See U.S.S.G § 2D1.1, n. 12 ("Types and quantities of drugs not specified in the count of conviction may be considered in determining the offense level"); United States v. Arthur, 232 F. Supp. 2d 268, 272 (S.D.N.Y. 2002). Since Viera does not dispute the type or weight of the drugs found in his suitcase, there, decisively, is no substantive basis for relief on this point.

### ii. Petitioner was Not Entitled to a Safety Valve Reduction

Petitioner next argues that he met all conditions requisite to a "safety valve" reduction. (Pet., at 6; Obj., at 2) It is true that if a defendant satisfies the five criteria specified in 18 U.S.C. § 3553(f), then § 2D1.1 of the Guidelines allows for a two-point "safety valve" reduction in a defendant's offense level calculation. Viera's argument is directed at the fifth criterion, which requires that,

> not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f). Yet, he does not provide any facts demonstrating compliance with that requirement. Instead, he simply cites to United States v. Schreiber and United States v. Jeffers, which together hold that if a defendant makes a complete and truthful proffer at the start of his sentencing hearing, he complies with the fifth factor for a safety valve reduction even if he had previously committed perjury or lied to the government or obstructed its investigation. 191 F.3d 103 (2d Cir. 1999); 329 F.3d 94 (2d Cir. 2003). Schreiber and Jeffers do not help petitioner.

The government represented at the time of sentencing that petitioner had not truthfully provided all information he had concerning the offense. (PSR, at 4; Sentencing Transcript, at 3.) And, though Viera may have implied that he did not agree with the government, (Sentencing Transcript, at 3 ("while my client's made full admissions to the Court, according to the government he has not qualified for the safety valve")), he offered nothing to refute the government's contention that he did not tell all that he knew about the offense and others involved.[6] United States v. Gambino, 106 F.3d 1105, 1110 (2d Cir. 1997) ("[T]he plain language of the 'safety valve' places the burden on the defendant to provide truthful information to the government. It follows that the burden should fall on the defendant to prove to the court that he has provided the requisite information if he is to receive the benefit of the statute.") (internal citations omitted). Accordingly, petitioner's second claim also lacks merit.

### III. CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus filed by Eduardo

---

[6] Specifically, as the government points out in opposition (1) Viera declined to provide information beyond what he initially provided to the DEA agents, (2) Viera was not entirely truthful with the government about the details of the transaction, (3) Viera's story about how he obtained the cocaine lacked detail and was inconsistent, and (4) Viera's story that the purpose of his trip was to visit his father but that his father did not know about the trip, was not credible. (Government's Opposition, at 14.) Parenthetically, given Viera's failure to allege any facts that would contravene any of these assertions, no ineffective assistance of counsel claim could be stated based on the denial of the safety valve reduction. Viera's specific appellate waiver regarding how the Court computed his Guidelines range, (Plea Agreement, at 3), would, however bar such an ineffective assistance of counsel claim even if trial counsel did err in this detail, given the overwhelming and unchallenged evidence that the plea deal itself was knowing and voluntary. Monzon, 359 F.3d at 119 ("To find an appeal waiver unenforceable simply because the defendant makes [an ineffective-assistance-of-counsel] claim, where the record (a) indicates that the appeal waiver was knowing and voluntary and (b) does not show merit in the ineffective-assistance-of-counsel claim, would 'render the plea bargaining process and the resulting agreement meaningless.'") (quoting United States v. Hernandez, 242 F.3d 110, 113 (2d Cir. 2001)).

Osorio Viera is dismissed and the writ is denied. Further, no certificate of appealability is granted with respect to any of petitioner's claims as he has made no substantial showing that he has been denied a constitutional right. Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 123 S. Ct. 1029 (2003).

The Clerk is directed to enter judgment in accordance with this Memorandum and Order and to close this case.

**SO ORDERED.**

Dated: Brooklyn, New York
December 6, 2011

ERIC N. VITALIANO
United States District Judge